# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| IN RE: | : CASE NO: 20-66891-BEM |
| | : CHAPTER: 11 |
| | : |
| **LA PROPERTY INVESTMENTS LLC** | : |
| Debtor | : |
| ------------------------------- | : ---------------------------- |
| **CALCON MUTUAL MORTGAGE LLC,** | : |
| Movant, | : |
| | : **CONTESTED MATTER** |
| vs. | : |
| | : |
| | : |
| **LA PROPERTY INVESTMENTS LLC** | : |
| Respondent. | : |

## NOTICE OF ASSIGNMENT OF HEARING

NOTICE IS HEREBY GIVEN that CalCon Mutual Mortgage LLC filed a Motion for Relief from Automatic Stay *Retroactively* to June 2, 2020 or in the alternative Motion to Dismiss Case *Ab Initio* with the Court seeking an order modifying stay *Retroactively* to June 2, 2020 or a dismissal order *Ab Initio,* and hearing will be held on the Motion for Relief from Automatic Stay *Retroactively* to June 2, 2020 or in the alternative Motion to Dismiss Case *Ab Initio* **in Courtroom 1402, United States Courthouse, 75 Ted Turner Drive, S.W., Atlanta, Georgia 30303 at 11:00 AM on July 7, 2020.**

**Given the current public health crisis, hearings may be telephonic only. Please check the "Important Information Regarding Court Operations During COVID-19 Outbreak" tab at the top of the GANB Website prior to the hearing for instructions on whether to appear in person or by phone.**

**Judge Ellis-Monro: Toll Free Number: 877-336-1828 - Access Code: 3456322**

Your rights may be affected by the Court's ruling on these pleadings.  You should read these pleadings carefully and discuss them with your attorney, if you have one in this bankruptcy case.  (If you do not have an attorney, you may wish to consult one.)  If you do not want the Court to grant the relief sought in these pleadings or if you want the Court to consider your views, then you and/or your attorney must attend the hearing.  You may also file a written response to the pleading with the Clerk at the address stated below, but you are not required to do so.  If you file a written response, you must attach a certificate stating when, how and on whom (including addresses) you served the response.  Mail or deliver your response so that it is received by the Clerk at least two business days before the hearing.  The address of the Clerk's Office is: Clerk, U.S. Bankruptcy Court, 75 Ted Turner Drive, S.W., Suite 1340, Atlanta, GA 30303.  You must also mail a copy of your response to the undersigned at the address stated below.

*Intentionally left blank*

If a hearing on the Motion for Relief from Automatic Stay *Retroactively* to June 2, 2020 or in the alternative Motion to Dismiss Case *Ab Initio* cannot be held within thirty (30) days, Movant waives the requirement for holding a preliminary hearing within thirty days of filing the motion and agrees to a hearing on the earliest possible date.  Movant consents to the automatic stay remaining in effect until the Court orders otherwise.

Dated: 6/23/2020

/s/ Lisa F. Caplan
Lisa F. Caplan
GA State Bar No. 001304
Rubin Lublin, LLC
3145 Avalon Ridge Place, Suite 100
Peachtree Corners, GA 30071
(877) 813-0992
lcaplan@rubinlublin.com
Attorney for Creditor

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| IN RE: | : CASE NO: 20-66891-BEM |
| | : CHAPTER: 11 |
| | : |
| **LA PROPERTY INVESTMENTS LLC** | : |
|     Debtor | : |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | - - - - - - - - - - - - - - - - - - - - - - - - - - - - - |
| **CALCON MUTUAL MORTGAGE LLC,** | : |
|     Movant, | : |
| | : **CONTESTED MATTER** |
| vs. | : |
| | : |
| | : |
| **LA PROPERTY INVESTMENTS LLC** | : |
|     Respondent. | : |

**MOTION FOR RELIEF FROM AUTOMATIC STAY *RETROACTIVELY* TO JUNE 2, 2020 OR IN THE ALTERNATIVE MOTION TO DISMISS CASE *AB INITIO***

    CalCon Mutual Mortgage LLC ("Movant") hereby moves this Court, pursuant to 11 U.S.C. § 362, for retroactive relief from the automatic stay with respect to certain real property of the Debtor having an address of **250 MONTROSE DRIVE, MCDONOUGH, GA 30253** (the "Property"), for all purposes allowed by law, the Note (defined below), the **Security Deed** (defined below), and applicable law, including but not limited to the right to foreclose. In further support of this Motion, Movant respectfully states:

    1.    Lemarcus Allison has executed and delivered or is otherwise obligated with respect to that certain promissory note in the original principal amount of **$424,100.00** (the "Note"). A copy of the Note is attached hereto as "Exhibit A". Movant is an entity entitled to enforce the Note.

    2.    Pursuant to that certain **Security Deed** (the "**Security Deed**"), all obligations (collectively, the "Obligations") of the Debtor under and with respect to the Note and the **Security Deed** are secured by the Property. A copy of the **Security Deed** is attached hereto as "Exhibit B". The property was transferred to the Debtor via the execution of a **Quitclaim Deed** on May 25, 2020 and

subsequently recorded on June 3, 2020 in Henry County. A Copy of the **Quitclaim Deed** is attached hereto as "Exhibit C"

3. The legal description of the Property and recording information is set forth in the **Security Deed**, a copy of which is attached hereto, and such description and information is incorporated and made a part hereof by reference.

4. The original borrower, Lemarcus Allison (hereinafter the "Borrower"), has filed various civil proceedings against Movant starting in 2019 in an attempt to prevent Movant from enforcing its rights to foreclose on the Property. Movant issued a Notice of Default on December 18, 2018 to the Borrower stating he had thirty (30) days to cure the default. As the default was not cured, Movant issued a Notice of Acceleration and Foreclosure via certified mail on February 12, 2019 to the Borrower advising a foreclosure sale had been set for April 2, 2019. A copy of the December 18th Notice of Default, the February 12th notice of Acceleration, and the April 2nd Notice of Sale are attached hereto as "Exhibit D". On March 26, 2019 (the "First Complaint") the Borrower filed a Verified Complaint for Wrongful Attempted Foreclosure, Breach of Contract, Declaratory Relief, Motion for temporary restraining Order and/or Preliminary and Permanent Injunction, Punitive Damages and Attorneys' Fees to prevent the April 2, 2019 foreclosure sale from proceeding. A copy of the complaint is attached hereto as "Exhibit E". The state court held a hearing on the request for injunctive relief and an order was entered granting a temporary injunction on March 28, 2019. As a result of the order temporarily restraining Movant, Movant cancelled its pending April 2, 2019 sale. The State Court dissolved its temporary restraining order on April 8, 2019. A copy of the Temporary Restraining Order and the Order dissolving the temporary restraining order is attached here to as "Exhibit F". The case was removed to the Northern District of Georgia and subsequently voluntarily dismissed on September 27, 2019.

5. Movant issued a second Notice of Acceleration and Foreclosure via certified mail on

April 23, 2019 to the Borrower advising a foreclosure sale had been set for June 4, 2019. A copy of the April 23rd Notice of Acceleration and the June 4th Notice of Sale is attached hereto as "Exhibit G". As no restraining order was in effect in the civil litigation, Lemarcus Allison filed **Bankruptcy Case No. 19-58681**, a Pro Se skeletal bankruptcy on June 4, 2019 the same day as Movant's scheduled foreclosure sale. The case was subsequently dismissed on July 12, 2019 [Doc. No. 16] for the Debtor's failure to correct the filing deficiencies.

6.    Movant issued a third Notice of Acceleration and Foreclosure via certified mail on July 29, 2019 to the Borrower advising a foreclosure sale had been set for September 3, 2019. A copy of the July 29th Notice of Acceleration and the September 4th Notice of Sale is attached hereto as "Exhibit H". The Borrower subsequently filed a Complaint for Declaratory Judgment & Injunctive Relief on August 23, 2019 (the "Second Complaint") in Fulton County. The Borrower voluntarily dismissed the Second Complaint on August 28, 2019. A copy of the Second Complaint and dismissal is attached hereto as "Exhibit I". On August 28, 2019, the Borrower filed a Compliant for Declaratory Judgment & Injunctive Relief (the "Third Compliant") in Gwinnett County. The Third Complaint was later amended on November 12, 2019. A copy of the Third Complaint and the Amended Complaint is attached hereto as "Exhibit J"

7.    The borrower's request for injunctive relief was not heard on an emergency basis, therefore it was not heard prior to the September 3, 2019 sale. Lemarcus Allison filed **Case No. 19-63943**, a chapter 13 bankruptcy on September 3, 2019 the same day as Movant's scheduled foreclosure sale. The case was subsequently dismissed on March 14, 2020 [Doc. No. 51] as Confirmation of the proposed chapter 13 plan was denied. The injunctive relief request was eventually denied on September 24, 2019. A copy of the order is attached hereto as "Exhibit K".

8.    Movant issued a Notice of Acceleration and Foreclosure via certified mail on May 1, 2020 to the Borrower advising a foreclosure sale had been set for June 2, 2020. A copy of the May 1st

Acceleration and the June 2nd Notice of Sale is attached hereto as Exhibit L.

9. On May 25, 2020 a QuitClaim Deed was executed from Lemarcus Allison to LA Property Investments, LLC. The QuitClaim Deed was subsequently recorded on June 3, 2020 in the Henry County Georgia Land Records at Deed Book 17211, page 242. LA Property Investments LLC filed the instant **Case No. 20-66891**, a Pro Se skeletal chapter 11 case on June 2, 2020 the same day as Movant's scheduled foreclosure sale.

10. The Debtor in this instant case is a corporation and therefore an artificial entity which cannot represent itself as counsel in federal court and must be represented by a licensed counsel. See *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381 (11th Cir. 1985); *Osborn v. Bank of United States*, 22 U.S. 738 (1824). Though this Court has granted the Debtor time to obtain counsel, LA Property Investments, LLC was not a business entity according to the Secretary of State of Georgia's website at the time of the filing. This company was involuntarily or administratively dissolved on August 26, 2019 pursuant to Title 14 of the Official Code of Georgia Annotated. The company was reinstated on the day of the filing at 3:07 PM. The instant bankruptcy case was filed at 10:13 AM. A copy of the Certificate of Dissolution and Certificate of Reinstatement is attached hereto as "Exhibit M".

11. The payoff received prior to the June 2, 2020 sale was **$506,985.02** as of **May 18, 2020**. The property was sold back to Movant at the June 2, 2020 foreclosure sale.

12. Movant argues that the various civil actions filed against Movant, the recent transfer of the subject to Property to a LLC, and the bankruptcy filings by the borrower and the instant case indicate that this case was not filed in good faith and demonstrate an intention to thwart the lender in its attempt to enforce its rights to foreclose this Property and ultimately amount to a scheme to delay, hinder and defraud Movant.

13. Cause exists for relief from the automatic stay for the following reasons:

   a. Movant's interest in the Property is not adequately protected.

    b.  The civil actions, bankruptcy filings, and property transfer are part of a scheme to delay, hinder and defraud Movant.

 14. Movant requests retroactive relief to June 2, 2020 or in the alternative a dismissal of the case *ab initio* so Movant may conclude its foreclosure sale held on June 2, 2020 and record the foreclosure deed. Movant also seeks relief so that it may take any and all steps necessary to recover it collateral pursuant to state law.

 WHEREFORE, Movant prays that this Court issue an Order terminating or modifying the stay or dismissing the case *ab initio* and granting the following:

 1. Relief from automatic stay retroactively to June 2, 2020, entered by this Honorable Court pursuant to 11 U.S.C. § 362 is modified so as to permit the Movant to exercise its right and conclude the foreclose sale under the terms of its Note and Security Deed.

 2. That the Order be binding *retroactively* to June 2, 2020, and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.

 3. That the 14-day stay described by Bankruptcy Rule 4001(a)(3) be waived; or

 4. In the alternative dismissal of the case *ab initio*.

 5. For such other relief as the Court deems proper.

RUBIN LUBLIN, LLC

/s/ Lisa F. Caplan                  Date:6/23/2020
Lisa F. Caplan
GA State Bar No. 001304
Rubin Lublin, LLC
3145 Avalon Ridge Place, Suite 100
Peachtree Corners, GA 30071
(877) 813-0992
lcaplan@rubinlublin.com
Attorney for Creditor

## CERTIFICATE OF SERVICE

      I, Lisa F. Caplan of Rubin Lublin, LLC certify that I caused a copy of the Notice of Assignment of Hearing and Motion for Relief from Automatic Stay *Retroactively* to June 2, 2020 or in the alternative Motion to Dismiss Case *Ab Initio* to be filed in this proceeding by electronic means and to be served by depositing a copy of same in the United States Mail in a properly addressed envelope with adequate postage thereon to the said parties as follows:


LA Property Investments LLC
3034 Dogwood Drive
Atlanta, GA 30354

Lemarcus Allison
2200 Fairburn Rd SW
Atlanta, GA 30331

Vanessa A. Leo
Office of the US Trustee
362 Richard B. Russell Building
75 Ted Turner Drive, SW
Atlanta, GA 30303


Executed on 6/23/2020

By:/s/ Lisa F. Caplan
Lisa F. Caplan
GA State Bar No. 001304
Rubin Lublin, LLC
3145 Avalon Ridge Place, Suite 100
Peachtree Corners, GA 30071
(877) 813-0992
lcaplan@rubinlublin.com
Attorney for Creditor